1  Allen Lichtenstein
   Nevada Bar No. 3992
2  3315 Russell Road, No. 222
   Las Vegas, NV 89120
3  702 433-2666 phone
   702 433-9591 fax
4
   Attorney for Plaintiffs
5
                          United States District Court
6                              District of Nevada

7  COYOTE PUBLISHING, INC.. dba High     )
   Desert Advocate; HOWARD COPELAN,      )
8  Publisher of the High Desert Advocate; )
   BOBBI A. DAVIS, dba the Shady         )
9  Lady Ranch; DR PARTNERS, dba Las      )
   Vegas CityLife, a Nevada General      )
10 Partnership; STEVE SEBELIUS, Editor of )
   Las Vegas CityLife;                   )
11                                       )
                Plaintiffs,               )
12                                       )
   v.                                    )
13                                       )
   DEAN HELLER, in his official capacity as )
14 Secretary of State of the State of Nevada; )
   GEORGE CHANOS, in his official capacity )   **VERIFIED**
15 as Attorney General of the State of Nevada; )  **COMPLAINT**
   and DAVID ROGER, in his official capacity )
16 as District Attorney of Clark County,   )
   Nevada.                                )
17                                       )
                Defendants.               )
18 _____)

19     Come now the Plaintiffs by and through the undersigned attorney and file this Complaint.

20     1.   Plaintiffs bring this action for declaratory and injunctive relief pursuant to 28

21 USC §2201 and 42 USC §1983 requesting that this Honorable Court declare Nevada Revised

22 Statute (NRS) 201.430 and NRS 201.440 facially in violation of the First and Fourteenth

23 Amendments to the U.S. Constitution, and Article 1, Section 9 of the Nevada Constitution, and to

24 enjoin these statutes' enforcement by Defendants.

25     2.   Because this cause of action is based upon a federal constitutional claim, this Court

26 has jurisdiction pursuant to 28 USC §1331.

27     3.   Venue is proper in the District of Nevada pursuant to 28 USC §1391.

28     4.   Because this cause of action involves no claim for damages, but only a request for

1  declaratory and injunctive relief, this suit is not barred by the Eleventh Amendment to the U.S.
2  Constitution,. *See, Culinary Workers Union v. Del Papa*, 200 F.3d 614, 619 (9th Cir. 1999).

### PARTIES

4  5. Plaintiff Coyote Publishing, Inc. is a Nevada Corporation that owns the High Desert Advocate, a newspaper located in West Wendover, Nevada. The High Desert Advocate has circulation throughout the rural and northern counties in Nevada, including those without legal brothels.

8  6. Plaintiff Howard Copelan has filed suit in both his capacity as the publisher and editor of The High Desert Advocate and individually.

10  7. Plaintiff Bobbi A. Davis dba the Shady Lady Ranch is licensed by Nye County. Nevada as a legal brothel.

12  8. Plaintiff DR Partners, dba Las Vegas CityLife, is a Nevada General Partnership and the largest alternative weekly newspaper in Clark County and throughout Nevada. Plaintiff Steve Sebelius is the Editor of Las Vegas CityLife.

15  9. Defendant Dean Heller is the Nevada Secretary of State, and charged with enforcing NRS 201.430 and NRS 201.440.

17  10. Defendant George Chanos is the Nevada Attorney General, and charged with enforcing NRS 201.430 and NRS 201.440.

19  11. Defendant David Roger is the Clark County, Nevada District Attorney, and charged with enforcing NRS 201.430 and NRS 201.440.

### FACTS

22  12. NRS 201.430 states the following:

> 1. It is unlawful for any person engaged in conduct which is unlawful pursuant to paragraph (b) of subsection 1 of NRS 207.030, or any owner, operator, agent or employee of a house of prostitution, or anyone acting on behalf of any such person, to advertise the unlawful conduct or any house of prostitution:
>
> (a) In any public theater, on the public streets of any city

2

       or town, or on any public highway; or

   (b) In any county, city or town where prostitution is prohibited by local ordinance or where the licensing of a house of prostitution is prohibited by state statute.

2. It is unlawful for any person knowingly to prepare or print an advertisement concerning a house of prostitution not licensed for that purpose pursuant to NRS 244.345, or conduct which is unlawful pursuant to paragraph (b) of subsection 1 of NRS 207.030, in any county, city or town where prostitution is prohibited by local ordinance or where the licensing of a house of prostitution is prohibited by state statute.

3. Inclusion in any display, handbill or publication of the address, location or telephone number of a house of prostitution or of identification of a means of transportation to such a house, or of directions telling how to obtain any such information, constitutes prima facie evidence of advertising for the purposes of this section.

4. Any person, company, association or corporation violating the provisions of this section shall be punished:

   (a) For the first violation within a 3-year period, by imprisonment in the county jail for not more than 6 months, or by a fine of not more than $1,000, or by both fine and imprisonment.

   (b) For a second violation within a 3-year period, by imprisonment in the county jail for not less than 30 days nor more than 6 months, and by a fine of not less than $250 nor more than $1,000.

   ©) For a third or subsequent violation within a 3-year period, by imprisonment in the county jail for 6 months and by a fine of not less than $250 nor more than $1,000.

13. NRS 201. 440 states the following:

1. In any county, city or town where prostitution is prohibited by local ordinance or where the licensing of a house of prostitution is prohibited by state statute, it is unlawful for any person, company, association or corporation knowingly to allow any person engaged in conduct which is unlawful pursuant to paragraph (b) of subsection 1 of NRS 207.030, or any owner, operator, agent or employee of a house of prostitution, or anyone acting on behalf of any such person,

3

to advertise a house of prostitution in his place of business.

2. Any person, company, association or corporation that violates the provisions of this section shall be punished:

    (a) For the first violation within a 3-year period, by imprisonment in the county jail for not more than 6 months, or by a fine of not more than $1,000, or by both fine and imprisonment.

    (b) For a second violation within a 3-year period, by imprisonment in the county jail for not less than 30 days nor more than 6 months, and by a fine of not less than $250 nor more than $1,000.

    ( c ) For a third or subsequent violation within a 3-year period, by imprisonment in the county jail for 6 months and by a fine of not less than $250 nor more than $1,000.

14. Plaintiff, the Shady Lady wishes to place the advertisement shown in Exhibit 1 in the High Desert Advocate and Las Vegas CityLife. Plaintiffs the High Desert Advocate and Las Vegas CityLife wish to run said advertisement. Plaintiff, the Shady Lady also wishes to advertise in a manner prohibited NRS 201.430(1)(a).

15. NRS 244.345 (8), prohibits the licensing of legal houses of prostitution in counties with population exceeding 400,000. This includes Clark County, Nevada, where Las Vegas CityLife is located, and most of its distribution occurs.

16. Because of the provisions of NRS 201.430 and NRS 201.440 Las Vegas CityLife cannot run the advertisement shown in Exhibit 1 without being subject to fines and imprisonment.

17. Las Vegas CityLife has rejected the Shady Lady's advertisement because of a fear of prosecution under NRS 201.430 and NRS 201.440.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS**
**TO THE UNITED STATES CONSTITUTION**

18. Plaintiffs reallege and incorporate by reference all allegations set forth above.

19. NRS 201.430 and NRS 201.440 are facially invalid and in violation of Plaintiffs rights under the First and Fourteenth Amendment to the United States Constitution.

### SECOND CAUSE OF ACTION
### VIOLATION OF ARTICLE 1, SECTION 9 OF THE NEVADA CONSTITUTION

20. Plaintiffs reallege and incorporate by reference all allegations set forth above.

21. NRS 201.430 and NRS 201.440 are facially invalid and in violation of Plaintiffs rights under Article 1, Section 9 of the Nevada Constitution.

WHEREFORE the Plaintiffs request that this Court grant the following:

a. declaratory relief stating that Plaintiffs have standing to challenge the constitutionality of NRS 201.430 and NRS 201.440.

b. declaratory relief stating that NRS 201.430 and NRS 201.440 are facially invalid and in violation of Plaintiffs rights under the First and Fourteenth Amendments to the United States Constitution.

c. declaratory relief stating that NRS 201.430 and NRS 201.440 are facially invalid and in violation of Plaintiffs rights under Article 1, Section 9 of the Nevada Constitution.

d. injunctive relief to prevent the enforcement of NRS 201.430 and NRS 201.440.

e. reasonable costs and attorneys' fees, and,

f. any other relief that the Court deems proper.

Dated this 9 th day of March 2006.

Respectfully submitted by:        /s/ Allen Lichtenstein
                                  Allen Lichtenstein
                                  NV Bar No. 3992
                                  3315 Russell Road, No. 222
                                  Las Vegas, Nevada 89120
                                  702 433-2666 phone
                                  702 433-9591 fax

                                  Attorney for the Plaintiffs

5